THOMAS F. TOBIN, as Executor, etc., of MARY J. COCKE, Deceased, Appellant, *v.* EDWARD C. KIRK and SALATHIEL H. TOBEY, Respondents, Impleaded with THOMAS H. COCKE and WILLIAM S. RELFE, as Receiver of THE LIFE ASSOCIATION OF AMERICA.

*Principal and surety — subrogation.*

A surety, upon payment of the principal's obligation, becomes subrogated to all the rights of the principal in respect thereto, and when the consideration for the obligation paid by the surety has been wrongfully and fraudulently diverted from the principal and converted by a third party, the wrongdoer is bound to respond to the surety, being the person immediately injured, no matter how many intervening rights may be called into play to enforce this result.

Appeal by the plaintiff, Thomas F. Tobin, as executor, etc., of Mary J. Cocke, deceased, from a judgment of the Supreme Court sustaining the demurrer of the defendants, Edward C. Kirk and Salathiel H. Tobey, to the plaintiff's complaint and dismissing the complaint, entered in the office of the clerk of the city and county of New York on the 3d day of July, 1893, upon a decision of the court after a trial of the issues of law at the New York Special Term.

*T. B. Turley* and *A. Walker Otis*, for the appellant.

*J. W. Perry*, for the respondents.

Van Brunt, P. J.:

The complaint alleges that in June, 1872, one Thomas H. Cocke and one John S. Hatcher were copartners in business at Memphis, Tenn., under the firm name of J. S. Hatcher & Co.; that in July, the Life Association of America agreed to loan to said Cocke $10,000 on a note for that sum made by him and his wife (plaintiff's testatrix), payable three years after date to the order of said association, secured by a mortgage or trust deed upon the separate estate of plaintiff's testatrix, but with the express understanding that the money so borrowed was not to be paid over by said association until the 15th day of October, 1872, and thereupon said note and mortgage were executed and delivered to said association by said Thomas H. Cocke and wife.

The complaint further alleged that pursuant to an agreement made between J. S. Hatcher & Co., Thomas H. Cocke, the Life Association of America and the defendant Tobey, and in order to effectuate the loan aforesaid, the defendant Thomas H. Cocke drew his draft for $10,000 on said the Life Association of America, dated July 6, 1872, due October 15, 1872, payable to the order of said J. S. Hatcher & Co., which said draft was accepted by said the Life Association of America, indorsed by the payees, and by the joint act of the parties aforesaid deposited in the personal custody of defendant Tobey, upon the express understanding and promise made by the said Tobey to the said Life Association of America, as well as to the other parties aforesaid, that the said Tobey should not have any title to said draft, but that his relation thereto should be that of a

personal custodian only, and that it should not leave his possession or be put into circulation, it being the intention of the parties that it should remain in the personal custody of defendant Tobey, without any validity as commercial paper, until the 15th day of October, 1872, when said the Life Association of America should receive back said draft and pay to said Thomas H. Cocke said sum of $10,000 so agreed to be loaned as aforesaid.

The complaint further alleged that in violation of said agreements, and with the intent to defraud the parties thereto, defendant Tobey, with the assistance and connivance of defendant Kirk, negotiated said draft before maturity to innocent holders, receiving therefor the sum of $10,000, which sum of money they, the said Kirk and Tobey, wrongfully converted to their own use.

The complaint further alleged that by reason of the wrongful acts of defendants Kirk and Tobey in placing said draft in circulation said Life Association of America was sued thereon by the holder thereof, and under compulsion of legal process after final judgment in said action paid the amount of the same to the holder; that upon payment of the said sum by said life association it demanded from the defendant Cocke the payment of said sum of $10,000, but Cocke neglected and refused to pay the same; that thereupon the life association foreclosed the mortgage upon the property of the plaintiff's testatrix, and such proceedings were had that a decree was duly entered for its sale, and thereafter said separate estate was sold under the decree for a sum sufficient to satisfy said decree in full; that on the 1st of January, 1873, the firm of J. S. Hatcher & Co. was dissolved and its debts paid, and subsequently thereto said Hatcher departed this life, leaving said defendant Cocke the sole surviving partner of said firm; that plaintiff demanded from defendant Cocke the payment of the sum which the estate of his testatrix was compelled to pay as surety, but he has refused to pay the same.

A judgment was thereupon demanded declaring that said life association had a right of action against the defendant and Kirk and Tobey for the amount so paid, and that the plaintiff, as executor of said Mary J. Cocke, is entitled to be substituted and subrogated to such rights and remedies, and that the defendants Kirk and Tobey account for the money received by them to the extent that the plaintiff, executor of Mary J. Cocke, has been compelled to pay by reason

of the suretyship of his testatrix as aforesaid, with interest and expenses.

To this complaint the defendants demurred upon the ground that it did not state any cause of action.

There is no doubt upon this state of facts that the action of Tobey and Kirk, in disposing of this draft, was a conversion of the same, and they became liable for the damages arising from such conversion. The result of this transaction is that they have stolen the money realized upon the draft in question, and appropriated it to their own use without the slightest right or authority.

Whatever may be said in regard to the forms which were used to attain the end, it is clear that the whole intention of this transaction was to place it upon such a footing that the association, on the 15th of October, 1872, could be compelled to pay to Thomas H. Cocke the sum which they had agreed to loan him upon his and his wife's note, taking as security therefor a mortgage upon the real estate of plaintiff's testatrix. Now, by the illegal and fraudulent acts of Tobey and Kirk, the Life Association of America has been compelled to pay this money to other persons; they have not kept their contract with Cocke and paid him the money which they agreed to pay him; and the object and inducement which caused the wife of Cocke to become his surety has been entirely defeated. And yet the respondents claim that there is no remedy for such a wrong. It seems only necessary to state the proposition in order that the answer may come that thieves have no title to stolen property. The plaintiff's testatrix has been compelled to pay out of her estate the amount of this mortgage without a dollar of consideration ever having been received therefor, except such as the defendants in this action have received in violation of their agreement, and converted to their own use. It seems to be apparent that her estate is entitled to be reimbursed; and that the parties who were guilty of the fraud are bound to respond to the party who is immediately injured, no matter how many intervening rights might have been called into play to enforce this result. By reason of the fraudulent action of the defendants, the consideration to the plaintiff's testatrix for the mortgage which she gave to the life association entirely failed, and yet she has been compelled to pay the mortgage. We say entirely failed because it appears upon the face

of the complaint that the consideration for the execution of that mortgage was a loan to be made by the life association to her husband, evidenced by the draft which the life association has been compelled to pay to an innocent holder ; and although the wife's estate has been compelled to pay the mortgage, the husband has received nothing, and the defendants without a shadow of right now hold, use and enjoy the money, the payment of which this mortgage was given to secure.   The plaintiff's testatrix was a surety in this transaction, and whatever rights the life association or her husband might have had to recover the proceeds of the draft in question from the defendants, upon the payment of the mortgage she became in law subrogated thereto.   It is too familiar a principle to require the citation of authorities, that a surety upon payment of the principal's obligation becomes subrogated to all the rights of the principal in respect thereto.

We think, therefore, that the demurrer should have been overruled, and that the judgment must be reversed, with costs of the appeal and of the court below, the defendants to have leave to answer upon payment of such costs within twenty days from the entry and notice of the order upon this decision.

FOLLETT and PARKER, JJ., concurred.

Judgment reversed, with costs of the appeal and of the court below, the defendants to have leave to answer upon payment of such costs within twenty days from the entry and notice of the order upon this decision.